**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BRIAN THORNHILL,

*Defendant-Appellant.*

No. 01-4792

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-14)

Submitted: June 3, 2002

Decided: June 24, 2002

Before WILKINS, MICHAEL, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joan A. Mooney, STILLER & MOONEY, P.L.L.C., Morgantown, West Virginia, for Appellant. Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Brian Thornhill appeals his convictions and sentence based upon his guilty plea to distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(B)(iii) (West 1999 & Supp. 2001), and using and carrying a firearm during a drug trafficking offense under 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2000). Thornhill's appointed appellate attorney noted a timely appeal and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which she represents that there are no arguable issues of merit presented by this appeal. Nonetheless, in her brief, counsel addresses the possibility that Thornhill received ineffective assistance of counsel at sentencing when his trial attorney failed to object to the amount of cocaine base attributed to Thornhill. Thornhill has filed a supplemental pro se brief that also asserts he received ineffective assistance of counsel. Finding Thornhill's ineffective assistance of counsel claims are not ripe for consideration on direct appeal, we affirm his conviction and sentence.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. Because the record does not conclusively establish Thornhill received ineffective assistance of counsel, we affirm his convictions and sentence.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If requested

by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*